[No. 49414–2. En Banc. December 15, 1983.]

ROY NORMAN, ET AL, *Respondents,* v. CHELAN COUNTY PUBLIC HOSPITAL DISTRICT NO. 1, ET AL, *Defendants,* MARVIN E. SPEER, ET AL, *Respondents,* JOHN DOE, *as Administrator,* *Petitioner.*

*William H. Mays* and *J. Tappan Menard* (of *Gavin, Robinson, Kendrick, Redman & Mays, Inc., P.S.*), for petitioner.

*Daniel F. Sullivan & Associates,* by *Phillip Offenbacker* and *Thomas R. Golden,* for respondents Norman.

*G. Brian Paxton* and *Walter G. Meyer, Jr.* (of *Halverson, Applegate & McDonald, Inc., P.S.*), for respondents Speer.

*Jeffers, Danielson, Sonn & Aylward, P.S.,* by *James M. Danielson* and *Susan Cawley,* for respondents Koenig.

PER CURIAM.—This is a medical malpractice action. Two issues were accepted by this court on direct review: (1) whether the claim by a minor against a deceased tortfeasor must be filed with the estate within 18 months after the date of first publication of notice to creditors as provided by RCW 11.40.011; and (2) whether claims for indemnity arising out of transactions prior to the death of the decedent, but which do not become claims until after the death of the decedent, are barred by the nonclaim statutes, RCW 11.40.010 and RCW 11.40.011, if they are not filed within the statutory time limits.

Subsequent to the acceptance of certification of this case from the Court of Appeals, the court was advised the matter had been settled, at least among the parties to this review. Even though it was moot and a motion for termination of review was before the court, at the urging of the parties (including the moving party), the case was heard.

The rule on whether this court should consider moot

questions was set forth in *Sorenson v. Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972):

> It is a general rule that, where only moot questions or abstract propositions are involved, or where the substantial questions involved in the trial court no longer exist, the appeal, or writ of error, should be dismissed. There is an exception to the above stated proposition. The Supreme Court may, in its discretion, retain and decide an appeal which has otherwise become moot when it can be said that matters of continuing and substantial public interest are involved. Criteria to be considered in determining the "requisite degree of public interest are the public or private nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question." *People ex rel. Wallace v. Labrenz,* 411 Ill. 618, 622, 104 N.E.2d 769, 30 A.L.R.2d 1132 (1952), quoted in [*National Elec. Contractors Ass'n v. Seattle Sch. Dist. 1,* 66 Wn.2d 14, 20, 400 P.2d 778 (1965)]. This exception to the general rule obtains only where the real merits of the controversy are unsettled and a continuing question of great public importance exists.

(Citations omitted.)

While we are advised another case with the same issues and involving the same parties, with the exception of the plaintiffs, is at the trial level, we do not believe this fact is sufficient to make these issues "question[s] of great public importance". We have not been advised of any large number of pending lawsuits involving the questions in the case before us which might benefit from an opinion from this court. Furthermore, with the passage of an amendment to RCW 11.40.011 by the Legislature in 1983 (*see* Laws of 1983, ch. 201, p. 1098), the issues present here are unlikely to recur. This case does not meet the test in *Sorenson;* it is dismissed.